IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


JAMES EUGENE PHELPS                                                                              PLAINTIFF

v.                                    Civil No. 1:25cv-01010-SOH-SGS

JAIL ADMINISTATOR CAMERON OWENS;
SHERIFF JONATHAN TUBBS;
OFFICER PAYTON POTTER                                                                 DEFENDANTS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Defendants' Motion to Dismiss and Alternative Motion for Extension of Time.  (ECF No. 51).

**I.  BACKGROUND**

Plaintiff filed his Complaint on February 6, 2025.  (ECF No. 1).  In the Order granting him *in forma pauperis* (IFP) status, the Court advised Plaintiff that he must inform the Court of any address change within 30 days or his case would be subject to dismissal.  (ECF No. 3).  When Plaintiff filed his Complaint he was incarcerated in the Ouachita County Jail.  (ECF No. 1 at 1). Plaintiff filed an Amended Complaint on February 18, 2025.  (ECF No. 8).  He filed a Notice of Address change on April 29, 2025.  (ECF No. 23).  In this Notice he indicated his current address was the Division of Community Correction (DCC) Southwest Arkansas Community Correction Center, located at 506 Walnut Street, Texarkana, Arkansas, 71854.  (*Id*.).  Plaintiff filed two Motions in June and July of 2025.  The return address on these documents was the DCC Southwest Arkansas Community Correction Center.  (ECF No. 40, 41).  He filed another Motion on August

1

5, 2025, with the same return address.  (ECF No. 45).  This Motion is the last time Plaintiff has communicated with the Court.

On January 9, 2025, mail sent to Plaintiff at the DCC Southwest Arkansas Community Correction Center was returned as undeliverable.  (ECF No. 50).  With the return of the mail as undeliverable, a 30-day deadline for providing the Court with an updated address was initiated.  (*Id.*).  The deadline for Plaintiff to inform the Court of his new address was set for February 9, 2026.  (*Id.*).  On February 17, 2026, Defendants Owens and Potter filed their Motion to Dismiss.  (ECF No. 51).  They argue that Plaintiff's Amended Complaint should be dismissed for his failure to keep the Court and Defendants apprised of his current address.  (*Id.*).

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . .   If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with a Court Order.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.  CONCLUSION

Accordingly, it is recommended that Defendants' Motion to Dismiss and Alternative Motion for Extension of Time (ECF No. 51) be GRANTED and Plaintiff's Amended Complaint (ECF No. 8) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of March 2026**.

/s/ *Spencer G. Singleton*

HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

3